Robert SPANN

v.

**J. LAURITZEN**

v.

**T. HOGAN CORPORATION.**

Civ. A. No. 33701.

United States District Court
E. D. Pennsylvania.

Sept. 26, 1967.

John Dorfman, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Thomas F. Mount and John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant and third-party plaintiff.

Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

WOOD, District Judge.

We have before us a non-jury action brought by the original defendant (shipowner) against the third-party defendant (stevedore) seeking indemnity for attorneys' fees and expenses involved in the litigation.

We do not propose to make extended findings of fact and conclusions of law since they were stated from the bench to a large degree and also, and more importantly, the suggested findings of fact submitted by the parties are in agreement, and we will direct the Clerk to file them as part of the record. Unfortunately, neither party ordered the notes of testimony to be transcribed, so we must rely on our recollection and notes taken at the trial.

Briefly, the issue involves a normal case brought against the shipowner and in which after a long period of time due

to pending matters before our Third Circuit Court of Appeals and the United States Supreme Court, the third-party defendant was joined in the action. Ultimately the case was settled by payment of the meager sum of $1,750.00 by the third-party defendant. However, this has no bearing whatsoever on the legal issues involved.

■ While the case is one of first impression in view of the facts involved, the issue was rather simple and is one directed to the discretion of the Court. (Rogers v. United States Lines Co., 303 F.2d 295 (3rd Cir. 1962).

Upon issue joined between the plaintiff and the shipowner, there was a motion for summary judgment, and our learned and respected Senior Judge William H. Kirkpatrick entered judgment in favor of the defendant (shipowner) 237 F.Supp. 569. The legal issues involved were so unusual that an appeal was taken and the appellate court reversed, 3 Cir., 344 F.2d 204. Thereafter, defendant petitioned the Supreme Court for writ of certiorari which was denied, 382 U.S. 938, 86 S.Ct. 386, 15 L.Ed.2d 348. Thereafter, the case was settled.

The issue before us is as follows. Where a defendant has exhausted all possible relief before our Court and the Circuit Court of Appeals and then on his own responsibility and without acquiescence from indemnitor proceeds to incur expenses of $8,342.65 in addition to attorneys' fees and expenses already incurred, should he be indemnified for that?

In finding an equitable answer to this situation we must resolve one question. Was this expense ordinary and necessary in concluding the original litigation or was it in the nature of a "test" case to lay a foundation for future litigation?

We must conclude that what we consider unusual expenses in that regard were brought about not in defense of the original action but in an attempt to clarify the law on the responsibility of the shipowner for accidents on the pier and presumably beyond the control of the ship.

Were there any evidence before us that the third-party defendant participated, acknowledged, agreed or acquiesced in the petition for writ of certiorari, our conclusion might be different. However, there is nothing in the record to indicate that they did.

■■ It would be contrary to equitable principles for us to conclude that the indemnitor should be responsible in damages for any litigation which the indemnitee saw fit to incur. It seems reasonable to us that justice would require no more than that the indemnitor, in this case the stevedore, should be liable to the shipowner for no more than the reasonable attorneys' fees and expenses involved in the litigation brought about by the original action. In this case that would involve the trial, settlement, attorneys' fees and expenses and obviously the costs of appeal from the motion for summary judgment. As aforesaid, we conclude that the fees and expenses involved in the petition for writ of certiorari were not justified by the basic issue but were incurred in order to clarify a legal issue in which the shipowner was vitally concerned, and although that issue was important to the third-party defendant (stevedore), nevertheless it was not done with his consent or in any nature by oral or written agreement.

In order to determine an equitable result we have examined third-party plaintiff's exhibit, which was admitted in evidence. From that it appears that the original defendant rendered professional services reasonably valued at $3,250.00 plus expenses of $26.16 for a total of $3,276.16. While this would indicate that some of the fees and expenses were indirectly involved in the petition for writ of certiorari, they were also interlocked to the ultimate disposition of the original action. The record further discloses that in addition to the above and during the course of the litigation the shipowner incurred additional costs of

$360.00. Accordingly, we enter the following:

### ORDER

And now, this 26th day of September, 1967, it is ordered that judgment is entered in favor of J. Lauritzen, original defendant, and against T. Hogan Corporation in the sum of $3,636.16.